99 F.3d 1160
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Delores T. WOMACK, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3257.
 United States Court of Appeals, Federal Circuit.
 Oct. 23, 1996.
 
 Before ARCHER, Chief Judge, RICH, Circuit Judge, and FRIEDMAN, Senior Circuit Judge.
 MSPB
 AFFIRMED.
 ARCHER, Chief Judge.
 
 
 1
 The United States Postal Service (USPS) reduced Delores Womack in grade due to poor work performance and unprofessional conduct. The Merit Systems Protection Board (Board) upheld the action of the USPS to the extent of the poor work performance charge but reversed the determination of unprofessional conduct. The Board concluded, however, that the demotion was still reasonable. Womack v. United States Postal Service, Docket No. CH-0752-89-0372-B-1 (April 18, 1996). We affirm.
 
 BACKGROUND
 
 2
 Ms. Womack was an Injury Compensation Specialist, pay level EAS-15, at the Youngstown (OH) Management Sectional Center. As the only Injury Compensation Specialist, she was responsible for processing all claims based upon on-the-job injuries, maintaining all workers' compensation files, and investigating questionable claims. On March 25, 1989, Ms. Womack was demoted to the position of Distribution Clerk, pay level PS-5. Ms. Womack appealed the action to the Board on April 7, 1989, but the parties settled the matter on June 7, 1989. Accordingly, the agreement was made a matter of record, and the Board dismissed the appeal. Ms. Womack was permitted to reinstate her appeal, however, pursuant to a decision by the Board that the USPS had failed to meet the requirements of the settlement agreement.
 
 
 3
 The Administrative Judge then affirmed the USPS' action to demote Ms. Womack, finding both that her work performance was poor and that her conduct was unprofessional. On appeal, the Board sustained the charge as to poor work performance. They rejected, however, the charge of unprofessional conduct because the decision was based solely on hearsay that was not sufficiently probative. The Board concluded, though, that the sustained charge merited the demotion penalty.
 
 DECISION
 
 4
 On appeal from the Board, this court reviews the record to determine whether the Board's action, findings, or conclusions are arbitrary, capricious, or otherwise not in accordance with law; obtained without required procedures; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986).
 
 
 5
 In her appeal, Ms. Womack makes several challenges to the Board's decision. To begin, Ms. Womack contends that the USPS violated its Management Instructions by failing to afford Ms. Womack an opportunity to improve her performance. The language cited in the USPS Management Manual is couched in permissive, not mandatory, terms, leaving the decision to the USPS. There is also substantial evidence in the record to demonstrate that Ms. Womack's problems were chronic despite efforts by the agency to correct them. Therefore, the USPS was not precluded from taking adverse action.
 
 
 6
 Next, Ms. Womack argues that, in a letter from the Director of Human Resources at the facility, dated January 24, 1989, Ms. Womack was told that adverse action may be taken if "further problems arise." According to Ms. Womack, no other "problems" arose before she was subjected to the present adverse action. This assertion, however, is insufficient. The letter that Womack uses to support her estoppel-type argument also informed Ms. Womack that the order contained therein was to continue "until you are informed of any other action." The letter, therefore, suggested that further action might be forthcoming and did not prevent the USPS from taking adverse action.
 
 
 7
 Ms. Womack also contends that some of the problems for which she was demoted occurred during periods when she was absent and that she cannot be held responsible for the inadequate performance of others. There is substantial evidence to support the Board's determination, however, that the difficulties experienced by her replacement resulted directly from Ms. Womack's inability to maintain her office in an orderly fashion.
 
 
 8
 Ms. Womack additionally argues that the Administrative Judge and Board improperly relied on the determinations of a biased witness, James Corvino. Credibility determinations, however, are virtually unreviewable by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Moreover, there is substantial evidence aside from that provided by Corvino to support the Board's decision.
 
 
 9
 Finally, Ms. Womack asserts that the Federal Employees' Compensation Act limited her ability to make certain decisions and that she fulfilled her obligations thereunder. The Postal Service contends that, although certain decisions were outside of her authority, she failed to administer the injury compensation program effectively. There is ample evidence to support the position of the Postal Service and the conclusion of the Board on this point, and we reject this argument.
 
 
 10
 Accordingly, Ms. Womack failed to demonstrate that the Board's actions were arbitrary or capricious, obtained without proper procedure, or unsupported by substantial evidence. The decision of the Board is affirmed.